No. 695

URBANSKI v. HAYWARD, Trustee

Ohio Appeals, 6th Dist., Lucas Co.

No. 1890. Decided July 2, 1927.

959. PROMISSORY NOTES—884. Parol Evidence—Proof of oral statement made prior to or contemporaneous with execution of note, showing an agreement that maker assumed no liability, is not admissible.

Error to Common Pleas.
Judgment affirmed.

First Publication of this Opinion.

RICHARDS, J.

Micajah Hayward, Trustee, commenced an action in the Court of Common Pleas to recover an amount claimed to be due on a promissory note.

The alleged errors on which reliance is chiefly placed for a reversal, are excluding evidence offered by the defendant below and directing a verdict against him.

The answer alleges that the promissory note was executed without any consideration.

The evidence discloses that there were a number of creditors of Joseph W. Urbanski, Michael W. Urbanski and Slyvester Urbanski, Administrator, and that there was a very large amount of indebtedness of the persons named, the assets being insufficient to pay the creditors. A composition was agreed upon, one of the terms being that M. W. Urbanski should execute the note in question, which he did, on the same day that the agreement was made appointing Micajah Hayward as trustee. The evidence discloses that ninety-two out of ninety-five creditors approved the composition and there appears to have been ample consideration for the execution of the note.

The defendant below called witnesses who testified to having been present at a meeting of the creditors in the probate court room in Toledo, where a plan for a composition was agreed upon, and these witnesses were asked the following questions:—

"Q. I wish you would state to the jury what was said at the time with reference to any personal liability on the part of Michael W. Urbanski as to the note that was to be executed?"

Objection was sustained to this question and exception taken. Thereupon the defendant below offered to prove by the witnesses, if permitted to answer, that Hayward and all of the creditors agreed with Urbanski that there would be no personal liability upon the part of Urbanski on this note, and that the same was executed as a matter of convenience until a new corporation could be formed which would pay the note.

The promissory note is in the usual form and unconditional. To permit proof of oral statements of this character made prior to or contemporaneous with the execution of the note would plainly contradict its terms and impeach the note. Parol testimony has frequently been permitted to show the nature of the consideration for a promissory note and such testimony was introduced in this case, but that is an entirely different thing from permitting parol testimony of an agreement that the maker of a promissory note assumed no liability by exectuing the same. Cummings v. Kent, 44 OS. 92; Beecher v. Dunlap, et, 52 OS. 64; Burnes v. Scott, et, 117 US. 582.

Judgment affirmed.

(Williams and Lloyd, JJ., concur.)

Attorneys—Cornell Schreiber and S. R. Urbanski for Urbanski; Smith, Beckwith, Froehlich & Ohlinger for Hayward; all of Toledo.